# United States Court of Appeals
## For the First Circuit

No. 07-1167

LIU LIE TJONG,

Petitioner,

v.

MICHAEL B. MUKASEY, ATTORNEY GENERAL,

Respondent.

PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Lynch, <u>Circuit Judge</u>,
Campbell and Stahl, <u>Senior Circuit Judges</u>.

<u>Yan Wang</u> on brief for petitioner.
<u>Peter D. Keisler</u>, Assistant Attorney General, Civil Division, <u>Michelle LaTour</u>, Assistant Director, and <u>Nairi M. Simonian</u>, Trial Attorney, Office of Immigration Litigation, on brief for respondent.

November 29, 2007

**CAMPBELL**, **Senior Circuit Judge**.  Petitioner Liu Lie Tjong, a native and citizen of Indonesia, petitions for review of a December 29, 2006 final order of removal issued by the Board of Immigration Appeals ("Board" or "BIA") denying his second motion to reopen his removal proceedings.

In proceedings before the immigration judge ("IJ"), Tjong admitted the factual allegations against him and conceded removability.  As relief from removal, Tjong requested asylum, withholding of removal, and protection under the regulations implementing the United Nations Convention Against Torture ("CAT"). Tjong's claims for relief and protection from removal were based on allegations that he was, and would be, persecuted in Indonesia based on his ethnicity (Chinese) and his religion (Christian). After a merits hearing on March 15, 2005, the IJ denied all relief from removal, except for a grant of a brief voluntary departure period.  Tjong appealed to the Board from the IJ's decision, and, on June 26, the Board dismissed his appeal.  He did not petition this court for review but instead moved the Board on July 25, 2006, to reconsider and reopen.  The Board denied that motion on August 30, 2006.  Tjong then filed a second motion to reopen on October 27, 2006, which was denied on December 29, 2006.  In denying the second motion, the Board noted that multiple motions of this kind were ordinarily not allowed, 8 C.F.R. § 1003.2(c)(2); 8 U.S.C. § 1229a(c)(7)(A); (c)(7)(C)(i), and that Tjong had not met his burden

-2-

to demonstrate that reopening was warranted under the exception to the rule.  See 8 C.F.R. § 1003.2(c)(3)(ii).  The present review petition was then brought in this court.

We review the Board's ruling on a motion to reopen only for abuse of discretion.  INS v. Doherty, 502 U.S. 314, 323-24 (1992).  We must affirm the decision "unless it was made 'without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  LeBlanc v. INS, 715 F.2d 685, 693 (1st Cir. 1983) (citation omitted).  This standard of review poses an extremely high barrier, and we find no abuse of discretion.

In ruling originally on Tjong's claims, the IJ found that Tjong was ineligible for asylum because his application for asylum was untimely under 8 U.S.C. § 1158(a)(2)(B) and because no changed or extraordinary circumstances had been shown excusing him for filing late.  8 U.S.C. § 1158(a)(2)(D).  The IJ also ruled adversely to the merits of Tjong's claims, holding he had not met his burden for withholding of removal because he did not establish it to be more likely than not if returned to Indonesia he will be targeted for harm on account of race, religion, membership in a particular social group, nationality, or political opinion.

After the Board affirmed the IJ, Tjong moved the Board to reconsider and reopen, submitting additional supporting evidence, but the Board rejected his motions.  It found no error in its

-3-

initial decision, and no basis in the new evidence for waiving the one-year asylum filing requirement that Tjong had earlier failed to meet. The Board also determined that Tjong's and his attorney's affidavits, along with the State Department's April 2006 travel warning, were insufficient to establish individual risk of persecution or torture.

Following Tjong's present second motion to reopen with accompanying new evidence, asserting changed country conditions and a pattern and practice of persecution against Chinese and Christians, the Board ruled that certain of the allegedly new evidence was not in fact new, as it was available at the time of the hearing before the IJ. The rest of the evidence, the Board concluded, fell short of meeting the "[h]eavy evidentiary burden relevant to his reiterated claims," being mainly only generalized background information. The Board also declined to reopen sua sponte.

None of the Board's rulings were made without rational explanation, nor do they reflect an inexplicable departure from established policies. Neither do we find them to rest on some impermissible basis. LeBlanc, 715 F.2d at 693. We accordingly **deny** the petition for review.